George R. Lieberman et al., Appellants *v.* The Board of Commissioners of Salisbury Township, Appellee.

Argued April 7, 1980, before Judges BLATT, CRAIG and WILLIAMS, sitting as a panel of three.

*J. Jackson Eaton, III,* with him *Richard W. Shaffer, Butz, Hudders & Tallman,* for appellants.

*James G. Kellar, Kellar & Kantra,* for appellee.

OPINION BY JUDGE BLATT, June 5, 1980:

The appellants here are appealing from an order of the Court of Common Pleas of Lehigh County which dismissed their challenge to an amendment of the Salisbury Township Ordinance No. 146 (Zoning Ordinance) by the Township Board of Commissioners (Board).

In November 1977, Edward Weiner (landowner) commenced a curative amendment proceeding under Section 609.1 of the Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10609.1. His challenge was directed to the constitutionality of Section 407 of the Zoning Ordinance, which established a C-1 Zone (Planned Office-Laboratory) and limited the height of buildings therein to

three stories or 36 feet. His curative amendment was based on his proposal to develop his land within the C-1 Zone by constructing a life-care facility and hospice at a proposed height of eight stories or 96 feet. It is undisputed that, in considering the curative amendment, the Board complied with all of the relevant procedures under Section 609.1 (including those as to notice and hearing). The Board, however, never reached a decision on the constitutionality of the challenged section; rather, at a public meeting in May 1978 the Board simply enacted Ordinance No. 208, which amended the Zoning Ordinance to allow nursing-care facilities of eight stories or 96 feet except within 125 feet of a residential zone. The appellants, neighboring landowners in a residential district, thereafter appealed to the common pleas court, arguing that the enactment process was defective. The court rejected this attack, and this appeal followed.

The dispositive issue before us now is whether or not a zoning ordinance enacted pursuant to the proceedings for a curative amendment is invalid where no determination is made that the existing ordinance is unconstitutional. The appellants argue that Section 609.1 contemplates only a narrow quasi-judicial proceeding whose purpose is to determine the validity of the originally challenged ordinance and that it is only after that ordinance is found invalid that a legislative enactment may be adopted to cure the invalidity.

Section 609.1 of the MPC provides in pertinent part as follows:

A landowner who desires to challenge on substantive grounds the validity of an ordinance or map or any provision thereof, which prohibits or restricts the use or development of land in which he has an interest may submit a curative amendment to the governing body with a written request that his challenge and pro-

posed amendment be heard and decided as provided in section 1004.

It is obvious that neither this section nor Section 1004 specifically requires by its terms that the governing body reach the issue of invalidity. Indeed, under Section 1004 the governing body may do nothing with the landowner's request, in which case the request is deemed denied, and the landowner may appeal. The appellants, however, cite our language in *Ellick v. Board of Supervisors*, 17 Pa. Commonwealth Ct. 404, 411, 333 A.2d 239, 244 (1975):

> If the governing body determines that its ordinance is defective, it may amend the ordinance by accepting the proposed curative amendment, or a variation thereof. . . . To reiterate, if it finds that its ordinance is defective, the governing body may choose to cure the defect by an amendment other than that proposed by the challenging landowner.

It is clear, however, that this language means only that the governing body may amend an invalid ordinance by accepting "the proposed curative amendment or a variation thereof." It does not establish that an ordinance can only be amended if it is first found defective.

Appellants argue nevertheless that, because the quasi-judicial proceedings on a curative amendment have a narrow focus and do not permit the expression and consideration of broader concerns, as would be possible in an ordinary amendment process under Section 609 of the MPC, a governing body should be permitted to amend a challenged ordinance only if it first makes a finding of invalidity. We are not convinced, however, that the substantive power of a governing body to amend a zoning ordinance could or should be so limited. On the contrary, we believe that, if, during the course of proceedings on a proposed curative

amendment, the governing body should decide that its ordinance is in need of amendment, the governing body may amend that ordinance and need not make any preliminary finding of invalidity. It should be noted, of course, that a challenging landowner may still appeal under Section 1004(f) of the MPC if the amendment is unacceptable.

We shall therefore affirm the court of common pleas.

### ORDER

AND Now, this 5th day of June, 1980, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is hereby affirmed.