Fred C. Kresge, Jr. and Marilyn L. Kresge, his wife, Appellants *v.* Pocono Township Supervisors, Monroe County, Pennsylvania, Appellee.

Argued November 12, 1985, before Judges ROGERS and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*James V. Fareri,* with him, *Ronald J. Mishkin, Mervine, Brown, Newman, Williams and Mishkin, P. C.,* for appellants.

*George W. Westervelt, Jr.,* with him, *George Royal IV,* for appellee.

OPINION BY JUDGE ROGERS, December 10, 1985:

This is the appeal of Fred C. Kresge and Marilyn Kresge, husband and wife (Kresges), from an order of the Court of Common Pleas of Monroe County affirming a decision of the Pocono Township Board of Supervisors (board) denying the Kresges' request for a curative amendment to the Pocono Township Zoning Ordinance.

Alleging exclusionary zoning, the Kresges filed a request for a curative amendment to the Pocono Township Zoning Ordinance pursuant to Sections 609.1 and 1004(1)(b) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10609.1, 11004(1)(b). The effect of the amendment would be to reduce the lot size requirement of the ordinance from one acre to one-third acre per

dwelling unit in the R-1 and R-2 districts, enabling the Kresges to construct a thirty-unit townhouse development on their ten acre tract. After hearings, the board denied the Kresges' request.

On appeal, the Court of Common Pleas of Monroe County affirmed the board's decision.

The Kresges here state two questions: (1) whether the Pocono Township Zoning Ordinance, imposing the one-acre lot size requirement, is constitutionally invalid as exclusionary; and (2) whether the appellants were denied due process because of the activities of the township solicitor in the supervisors' hearing.

Since we find that the Kresges were denied due process by the proceedings below, we need not reach the issue of the validity of the ordinance.

At the board's hearings, the Pocono Township solicitor produced and examined township witnesses and offered in evidence documents in support of the reasonableness of the disputed requirement; he ruled on the Kresges' objections to evidence; he cross-examined Kresges' witnesses; he gave legal advice to the board during and after the hearings; and he drafted the board's written decision. The Kresges made continuing objections to the activities of the township solicitor.

The case of *Sultanik v. Board of Supervisors of Worchester Township*, 88 Pa. Commonwealth Ct. 214, 488 A.2d 1197 (1985), controls the decision of this appeal. There we held that the commingling of the functions of zoning advocate for the township and advisor to the supervisors by the employment of two lawyers from the same law firm, one as advocate, the other as advisor, operated to invalidate the board's decision on a curative amendment without regard to whether there was actual prejudice to the landowner. The fault in the proceedings in the instant case is more egregious than that in *Sultanik;* here the functions of

advocate for the township and advisor to the supervisors were performed by one attorney.

The order of the court of common pleas is reversed; that of the board vacated; and the case is remanded with direction that the board conduct a hearing consistent with the opinion herein and otherwise complying with due process. Jurisdiction is relinquished.

### Order

And Now, this 10th day of December, 1985, the order of the Court of Common Pleas of Monroe County in the above-captioned matter is reversed; that of the Pocono Township Board of Supervisors is vacated; and the case is remanded with the direction that the board conduct a hearing consistent with the opinion herein and otherwise complying with due process. Jurisdiction is relinquished.