117 Pa. Commonwealth Ct. 84 (1988)
544 A.2d 74
In Re: Appeal From The Decision of The Borough Council of The Borough of Ephrata Granting The Request of Diakonia Housing, Inc. for a Curative Amendment.
Daniel S. Sweigart et al., Appellants.
No. 684 C.D. 1987.
Commonwealth Court of Pennsylvania.
Argued February 23, 1988.
June 13, 1988.
*85 Argued February 23, 1988, before President Judge CRUMLISH, JR., and Judges McGINLEY and SMITH, sitting as a panel of three.
Frank J. Vargish, III, Blakinger, Byler, Thomas & Chillas, P.C., for appellant.
Gary G. Krafft, Russell, Krafft, Gruber & Huber, for appellee.
*86 OPINION BY JUDGE SMITH, June 13, 1988:
Appellants are homeowners of the Borough of Ephrata (Homeowners) who appeal from an Order of the Court of Common Pleas of Lancaster County which affirmed a decision by the Ephrata Borough Council (Council)[1] granting a curative amendment to the zoning ordinance of the Borough of Ephrata pursuant to a Petition for Curative Amendment filed by Appellee Diakonia Housing, Inc. (Diakonia).
Questions presented for review by this Court are whether the zoning ordinance amendment adopted by Council is invalid for lack of proper notice under the Pennsylvania Municipalities Planning Code (Code);[2] whether the Borough solicitor's functions were improperly commingled; whether the Borough solicitor's participation in the zoning hearing represented a conflict of interest and was contrary to Section 908 of the Code; whether the curative amendment was deemed denied due to Council's inaction; and whether Council was biased in its decision-making and erred in its determination that the zoning ordinance is exclusionary.[3] We affirm the trial court decision.
Diakonia, a non-profit Pennsylvania corporation, is the equitable owner of a 35,336 square foot macadamed *87 parking lot located in the R-3 Residential Zoning District of the Borough of Ephrata. In February, 1986, Diakonia filed a Petition for Curative Amendment[4] with Council which challenged the Borough's zoning ordinance on the ground that high density housing for the elderly is not a permitted use[5] in any zoning district within the Borough. Diakonia submitted a proposal to remedy this exclusion by allowing high density housing as a permitted use in Ephrata's R-3 District.
Council held a hearing on Diakonia's Petition for Curative Amendment on March 31, 1986. Notice thereof was published. The Borough solicitor was appointed as "presiding officer" at the hearing which was conducted by council. Evidence with respect to lot area requirements was presented and reports of the County and Borough Planning Commissions were introduced as well as Diakonia's documentation and the evidence and testimony of those Homeowners opposed to the proposed curative amendment. The Borough solicitor on May 12, 1986 presented his report of the March 31st hearing to Council. Council then enacted an amendment to Ephrata's zoning ordinance permitting high density elderly housing in the R-3 District as a conditional use.[6] Diakonia thereafter filed a conditional use application which was ultimately denied by Council.
*88 The scope of review by this Court in a zoning case where the lower court has taken no additional testimony or evidence is limited to determining whether, in this case, Council abused its discretion, committed an error of law, or whether the findings are supported by substantial evidence. Robin Corp. v. Board of Supervisors of Lower Paxton Township, 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1975).[7]

I
Homeowners initially contend that the zoning ordinance amendment adopted by Council is invalid under the Code for lack of proper notice. Section 609 of the Code[8] provides in pertinent part:
Before voting on the enactment of an amendment, the governing body shall hold a public hearing thereon, pursuant to public notice. In the case of an amendment other than that prepared by the planning agency, the governing body shall submit each such amendment to the planning agency at least thirty days prior to the hearing on such proposed amendment to provide *89 the planning agency an opportunity to submit recommendations. If, after any public hearing held upon an amendment, the proposed amendment is revised, or further revised, to include land previously not affected by it, the governing body shall hold another public hearing, pursuant to public notice, before proceeding to vote on the amendment. . . .
Moreover, Section 610 of the Code[9] provides:
[P]ublic notices of proposed zoning . . . amendments shall include either the full text thereof, or a brief summary setting forth the principal provisions in reasonable detail, and a reference to a place within the municipality where copies of the proposed . . . amendment may be examined, in addition to the time and place of hearing.
Notice of the March 31st meeting was advertised on February 27th and March 6th of 1986 and copies of the plans and proposal were available at the Borough Office.[10]
Council, after advertisement and public hearing on Diakonia's proposed amendment but prior to enactment thereof on May 12, 1986, modified several lot size requirements and accepted the amendment as a conditional use rather than a permitted use. Exhibits B and D. No readvertisement was conducted prior to the May 12th meeting. Homeowners contend that these modifications to the proposed curative amendment were substantial and thus required readvertisement and another public hearing prior to adoption. The trial court found that Council's modifications were insubstantial.
*90 Insignificant modifications made to a proposed amendment after advertisement and public hearing do not require readvertisement and rehearing. Graack v. Board of Supervisors of Lower Nazareth Township, 17 Pa. Commonwealth Ct. 112, 330 A.2d 578 (1975). Readvertisement and rehearing are required only where changes in a proposed amendment are substantial in relation to the legislation as a whole, resulting in a significant disruption in the continuity of the proposed legislation or some appreciable change in its overall policy. Willey Appeal, 399 Pa. 84, 160 A.2d 240 (1960). Another factor in determining the substantiality of such modifications is whether they affect other landowners in a different way or have an adverse impact on adjoiners. Palm v. Center Township, 52 Pa. Commonwealth Ct. 192, 415 A.2d 990 (1980).
Here, the primary difference between the proposed and adopted curative amendments was that Diakonia's proposal made the use a permitted one while Council's amendment made it conditional. Council also added a new requirement that minimum gross lot area be not less than 30,000 square feet and revised front, side, and rear yard requirements from being governed by the area regulations for the district in which the building would be located to specific measured requirements.[11] Other modifications included increasing side yard requirements from the proposed six feet for one side yard to two side yards, each at least ten feet; making height regulations more stringent; and creating conditions and regulations which afforded Council greater discretion to accept or deny Diakonia's application as well as any similar future applications. Exhibits B and D; N.T., *91 March 31, 1986 Hearing, pp. 6-8. The area requirement per dwelling unit and building area requirements remained unchanged as did the parking regulations and definitional section.
No evidence was presented of any significant disruption in continuity of the proposed legislation or appreciable change in the overall policy from the proposed to the adopted amendment in that the use as housing for the elderly remained the same. There was no inclusion of land previously not affected by the proposed amendment. Nor was there any indication of adverse impact to adjoining property owners. Moreover, one of Homeowners' witnesses noted that conditional use was preferable to permitted use as it would afford the borough greater control and protection. N.T., March 31, 1986 Hearing, p. 38.
Because examination of the instant record shows that the changes made were insignificant in relation to the whole of the zoning ordinance amendment, readvertisement and rehearing were unnecessary. Council's findings and conclusions, which were affirmed by the trial court with respect to this issue, are supported by substantial evidence and in accordance with law. We therefore find no error committed by the trial court.

II
Homeowners also question the propriety of the Borough solicitor's actions throughout the proceedings. They argue that Council's enactment of the curative amendment is void because the solicitor commingled his functions by acting as presiding officer at the March 31st meeting and by later advising council members of the options available to them in formulating a final decision relative to Diakonia's petition. The trial court found no bias or other impropriety sufficient to void Council's enactment of the curative amendment.
*92 Municipal adjudicative bodies must avoid unnecessary conflicts and commingling of incompatible functions whenever possible. Sultanik v. Board of Supervisors of Worcester Township, 88 Pa. Commonwealth Ct. 214, 488 A.2d 1197 (1985). This rule extends as well to a borough solicitor. See Horn v. Township of Hilltown, 461 Pa. 745, 337 A.2d 858 (1975). Commingling of adversarial and adjudicative functions in one individual is clearly improper. Id.; Kresge v. Pocono Township Supervisors, 93 Pa. Commonwealth Ct. 384, 501 A.2d 345 (1985).
Nothing in the instant record, however, suggests an unlawful commingling of functions by the solicitor. He contributed procedural direction at the hearing and placed into the record various documents. He did not object to evidence offered by Homeowners or rule thereon; nor did he present evidence and rule on objections thereto[12] or participate in the decision-making process, except to advise Council of various options available to them in reaching a final determination with respect to Diakonia's petition. Nor did he attempt to influence Council members.[13] Accordingly, we are satisfied that Council acted in accordance with law and, therefore, find no error by the trial court.

III
Homeowners assert that the solicitor's prior affiliation as a member of Diakonia's board of directors constitutes *93 a conflict of interest which required him to disqualify himself from the proceedings. The trial court concluded that the solicitor's prior affiliation did not constitute a conflict of interest so as to render Council's decision void.
Although the solicitor's prior affiliation with Diakonia may be disturbing, standing alone, it is not sufficient ground upon which to base a conflict of interest finding. The record indicates that he attended no meetings, took no action, and resigned without having been involved with the organization.[14] An individual should disqualify himself or herself when an immediate and direct personal or pecuniary interest exists in the matter under consideration; a possible lack of objectivity, however, does not require reversal of a decision absent an allegation of control or influence of others. Borough of Youngsville v. Zoning Hearing Board of the Borough of Youngsville, 69 Pa. Commonwealth Ct. 282, 450 A.2d 1086 (1982). Council's actions being proper, we find no error by the trial court.
The trial court summarily dismissed as meritless Homeowners' assertion that Section 908(4)-(8) of the Code[15] does not authorize a governing body to appoint or utilize the services of a hearing officer. Section 908 refers to a hearing officer as an individual member of the council who not only takes testimony on behalf of the entire council, but also files a report and recommendation *94 in the nature of a decision which the council may adopt or reject. Nonetheless, the solicitor here did not participate in the decision-making process but rather performed legal duties as required by Council pursuant to Sections 1116 and 1117 of the Code.[16]

IV
Homeowners argue that the curative amendment is invalid as it is "deemed denied" since Council rendered its decision beyond the 30-day time limitation set forth in Section 1004(4) of the Code.[17] Section 1004 covers landowner appeals. Subsection 4(iii) thereof provides that:
For purposes of subsection (3)(ii), the landowner's request for curative amendment is denied when
(iii) the governing body fails to act on the landowner's request, in which event the denial is deemed to have occurred on the thirtieth day after the close of the last hearing on the request unless the time is extended by mutual consent between the landowner and the municipality.
Subsection 4 thus provides for a denial where the municipality fails to act to enable the original challenger, landowner-applicant Diakonia, to appeal. However, the solicitor at the March 31st meeting twice mentioned that the report would be made by Council within 45 days. N.T., March 31, 1986 Hearing, pp. 6, 79. Neither Diakonia nor any other party present objected to the extension of time. Non-landowner/applicants, Homeowners, have statutory protection and rights to appeal under Section 1005.[18] Council's action, therefore, cannot *95 be deemed a denial under the circumstances. The trial court's finding with respect thereto is thus in accordance with law.

V
Finally, Homeowners argue that Council, sitting as a quasi-judicial body, was biased in its decision as having previously gone on record as supporting Diakonia's proposal. The record, however, lacks evidence to support Homeowners' contention. Council must sit in an adjudicative capacity during a curative amendment hearing and must proceed fairly when acting in its quasi-adjudicative role. Section 609.1 of the Code, 53 P.S. §609.1; Sultanik. Council not only ultimately denied Diakonia's application for conditional use, but substantially followed the recommendations of both the county and borough planning commissions that the amendment be enacted as a special exception[19] or conditional use rather than a permitted use as proposed by Diakonia. We conclude that Council's actions were proper and, accordingly, find no error.
The order of the trial court is therefore affirmed.

ORDER
AND NOW, this 13th day of June, 1988, the Order of the Court of Common Pleas of Lancaster County dated March 2, 1987 is affirmed.
NOTES
[1] Council here is a governing body as defined in Section 102 of the Pennsylvania Municipalities Code, Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §1-102.
[2] 53 P.S. §§10101-11108-A.
[3] The issue raised by Homeowners as to Council's alleged determination that the zoning ordinance is exclusionary is meritless. First, Council made no official finding that the zoning ordinance was exclusionary. Deposition of Kenneth L. Zimmerman, p. 11; Deposition of Deloris L. Wingenroth, pp. 15-16. Secondly, a governing body may amend an ordinance without making any preliminary finding of invalidity contrary to Homeowners' assertion otherwise. Lieberman v. The Board of Commissioners of Salisbury Township, 52 Pa. Commonwealth Ct. 34, 415 A.2d 918 (1980).
[4] Curative amendment procedures in Pennsylvania are used to challenge zoning ordinances. See R. Ryan, Pennsylvania Zoning Law and Practice §§9.6.7  9.6.11.
[5] Permitted uses are uses which are allowed absolutely and unconditionally under the zoning ordinance. Laird v. City of McKeesport, 88 Pa. Commonwealth Ct. 147, 489 A.2d 942 (1985).
[6] Conditional uses are those uses which are "allowed or denied by the governing body after recommendations by the planning agency, pursuant to express standards and criteria set forth in the ordinances." Section 603 of the Code, 53 P.S. §10603. Such uses indicate legislative decisions that the use is consistent with the zoning plan, Brentwood Borough v. Cooper, 60 Pa. Commonwealth Ct. 462, 431 A.2d 1177 (1981); and are not adverse to the public interest. See Susquehanna Township Board of Commissioners v. Hardee's Food Systems, Inc., 59 Pa. Commonwealth Ct. 479, 430 A.2d 367 (1981). Moreover, they are virtually equivalent to special exceptions, but fall within the jurisdiction of the municipal legislative body rather than the zoning hearing board. R. Ryan, Pennsylvania Zoning Law and Practice §5.1.4.
[7] Appeal of Council's decision was taken directly to the Court of Common Pleas rather than to the Zoning Hearing Board. The trial court took no additional testimony. We believe this Court's scope of review should be broader where we are reviewing the propriety of the findings and conclusions of a governmental body without expertise in zoning matters; however, we feel constrained to adopt the standard scope of review.
[8] 53 P.S. §10609.
[9] 53 P.S. §10610.
[10] Exhibit BC-1.
[11] Because the front and rear yard regulations in the district in which the building would be located were the same as the specific measured requirements, no effective change was made therein.
[12] Contrast Horn; Kresge; Sultanik. Compare Williams v. Salem Township, 92 Pa. Commonwealth Ct. 634, 500 A.2d 933 (1985), petition for allowance of appeal denied, 516 Pa. 615, 531 A.2d 781 (1987).
[13] Deposition of Daniel Sweigart (Homeowner), pp. 6, 8-9, 13; Deposition of John Leonhard (Homeowner), pp. 5-6, 8; Deposition of Kenneth L. Zimmerman (Council Member), pp. 6-7, 10, 17, 20-22; Deposition of Deloris L. Wingenroth (Council Member) pp. 8-9, 13, 18-21.
[14] See, e.g., Resignation letter dated August 14, 1985 from David R. Eaby, the solicitor herein, to Diakonia. There is some evidence in the solicitor's resignation letter that he supported elderly housing in general, but not necessarily elderly housing constructed and/or operated by Diakonia. Moreover, Homeowners did not object at any time during the proceedings either to the solicitor's prior affiliation with Diakonia or his role as moderator/advisor as did appellants in Kresge; Sultanik.
[15] 53 P.S. §10908(4)-(8).
[16] 53 P.S. §46116; 53 P.S. §46117.
[17] 53 P.S. §11004(4).
[18] 53 P.S. §11005.
[19] Special exceptions are not exceptions to zoning ordinances, but are uses which are permitted unless under the particular circumstances such use would adversely affect the community. Evans v. Zoning Hearing Board of Easttown Township, 40 Pa. Commonwealth Ct. 103, 106 n.1, 396 A.2d 889, 891 n.1 (1979). Special exceptions, unlike conditional uses, fall within the jurisdiction of the zoning hearing board. R. Ryan, Pennsylvania Zoning Law and Practice §5.1.4.