587 A.2d 841

**NEWTOWN TOWNSHIP BOARD OF SUPERVISORS, Appellant,**

v.

**GREATER MEDIA RADIO COMPANY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 1990.

Decided Feb. 25, 1991.

158

Robert J. Sugarman, Sugarman & Associates, Philadelphia, for appellant.

James C. Buckley, with him, Andrew J. Donaghy, Gibbons, Buckley, Smith, Buckley, Smith, Palmer & Proud, P.C., Media, for appellee.

Before COLINS, and SMITH, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

This appeal comes from an order of the Court of Common Pleas of Delaware County. Appellee, Greater Media Radio Company, operates a radio station commonly known as KISS 100 FM. In 1981, Appellee received permission from the Board of Supervisors of Newtown Township (Board) to erect a radio antenna tower on a leased parcel of property within the township. In March 1988, Appellee applied to the Board for permission to increase the height of its tower. After a series of public hearings, and testimony by a number of witnesses, the Board denied this application. On appeal, the trial court reversed the decision of the Board, and directed that a permit be issued to Appellee for construction of the taller tower proposed by Appellee. The Board now appeals to this Court from the trial court's order. Following careful consideration of the situation presented in this appeal, we will vacate the order of the trial court, and remand this matter to the Board for new public hearings.

The record shows that Appellee entered into a lease agreement for the parcel in question, which was zoned for residential use. In 1981, Appellee and the landowner applied to the Board to rezone the parcel, and place it in a zoning classification identified as B–2 Special Use. This application to rezone the parcel was granted subject to certain conditions; namely, that the tower was not to exceed a height of 650 feet and that it was not to make use of strobe lighting. These conditions are recorded in an agreement, dated December 21, 1981, entered into by Appellee, the owner of the land leased by Appellee, and Newtown

Township.[1] The existing tower constructed by Appellee is 499 feet tall, and uses no strobe lighting.

Sometime after the tower was constructed, the township amended provisions of its zoning ordinance, and created new zoning classifications labeled SU–1 and SU–2 Special Use Districts. It appears from a reading of those sections of the township's zoning ordinance relating to such districts that any construction in the SU–1 and SU–2 zones must be approved as a conditional use by the township's planning commission and the Board. Appellee's parcel now carries the SU–2 zoning classification.

In March of 1988, Appellee made application for approval of its current proposal. Using a form provided by the township, Appellee indicated that it was seeking amendment of a conditional use, and in the space provided for explanation of the proposal, Appellee stated that it proposed "to increase the height of the radio tower to 1,031 feet." [2] Appellee acknowledged at a public hearing that the proposed tower would be illuminated with strobe lighting for at least some portion of each day. It is undisputed that these circumstances are contrary to the conditions agreed to by Appellee in connection with construction of the existing tower.

Appellee indicated its desire to construct a higher tower in an effort to improve reception of its signal to certain areas which, according to Appellee, currently experience poor reception or no reception at all. The Board, in rejecting the application, took note of several factors, including the unanimous recommendation of the township's planning commission that the proposal be rejected; the conditions agreed to in 1981 by Appellee concerning restrictions on height and lighting; the residential character of the area surrounding the parcel in question; and the absence of any evidence of economic hardship suffered by Appellee with the existing use.

1. A copy of this agreement is included in the certified record.
2. This completed form is included in the certified record.

■ On appeal, the trial court reversed the Board's decision. The court took no additional evidence in this matter. Accordingly, our standard of review is limited to determining whether or not the board of supervisors abused its discretion, committed an error of law, or made findings which are not supported by substantial evidence. *Susquehanna Township Board of Commissioners v. Hardee's Food Systems, Inc.*, 59 Pa.Commonwealth Ct. 479, 430 A.2d 367 (1981). The Board presents six issues in its appeal to this Court. We shall first address that issue which the Board has listed as its final issue. This issue challenges as erroneous a finding of the trial court in favor of Appellee regarding the alleged impropriety of certain actions which occurred at the public hearings before the Board.

In its appeal to the trial court, Appellee noted that testimony of expert witnesses hired by the township was presented by the township's solicitor at the public hearings before the Board. The record indicates that the township called as witnesses the township's engineer and a landscape architect, and that the Board relied on portions of the testimony of these witnesses in support of its decision to deny Appellee's application. Appellee asserted on appeal that the township could not lawfully serve as both arbiter and objector in this matter.

The trial court, in discussing this issue, stated that the Board "acted as its own protestant and its solicitor acted in the capacity of both legal advisor and litigating counsel . . . in aggressively cross-examining the applicant's witnesses and in presenting his own witnesses on behalf of the Board, not to mention engaging in several arguments with the applicant's counsel." *Greater Media Radio Company v. Supervisors of the Township of Newtown* (No. 88–16101, filed May 7, 1990), slip op. at 9. The trial court went on to characterize the procedure used by the Board as "prejudicial" to Appellee, and stated that it would have vacated the Board's decision on this ground had it not already determined, on the merits of the other issues presented,

that the Board had abused its discretion in denying Appellee's application.

 Having reviewed the transcript of the public hearings held before the Board, we share the trial court's concerns about the manner in which these public hearings were conducted, and concur in its characterizations of the proceedings. It creates an appearance of impropriety for the township's solicitor to serve as legal advisor to the Board in ruling on Appellee's conditional use application, and to also act in an adversarial capacity in opposition to the conditional use application. It is true that the solicitor was not literally representing any objector or party opposed to Appellee's proposal; however, a review of the hearing transcripts leaves us with the distinct impression that the solicitor played the role of opposing counsel in this proceeding.

A number of years ago our Supreme Court considered a similar situation in *Horn v. Township of Hilltown*, 461 Pa. 745, 337 A.2d 858 (1975). In *Horn*, the Court held that it was improper for the same individual to serve as a zoning board's solicitor, and to appear before that same zoning board as the municipality's solicitor to oppose an application for a variance. The Court found such a procedure to constitute a denial of due process, even though there had been no showing of actual prejudice to the applicant resulting from the solicitor's dual role.

In reaching this conclusion, the Court observed that a tribunal charged with trying cases and controversies must not only be unbiased, but must avoid even the appearance of bias. Applying this principle to the case then before it, the Court stated:

> In the case at bar, while we are not faced with a tribunal that has allegedly denied due process to a litigant, we are presented with a governmental body charged with certain decision-making functions that must avoid the appearance of possible prejudice, be it from its members or from those who advise it or represent parties before it.

*Id.,* 461 Pa. at 748, 337 A.2d at 860. While the circumstances of the case at bar are not identical to those in *Horn,* we view the principle enunciated in *Horn* to be applicable to a situation such as the one presented by this case.

■ In the present case, we have a municipal governing body which is called upon to act in the capacity of a tribunal. We recognize that the members of the Board may not be accustomed to functioning in the role of a decision-making tribunal. However, when a governing body is acting in this capacity, it must adhere to the principle stated in *Horn* that it avoid not only actual bias, but also even the appearance of bias or impropriety. *See also Kresge v. Pocono Township Supervisors,* 93 Pa.Commonwealth Ct. 384, 501 A.2d 345 (1985); *Sultanik v. Board of Supervisors of Worcester Township,* 88 Pa.Commonwealth Ct. 214, 488 A.2d 1197 (1985). *But cf. Sweigart Appeal,* 117 Pa.Commonwealth Ct. 84, 544 A.2d 74 (1988).

While we are in agreement with the trial court that the manner in which these public hearings were conducted was prejudicial to Appellee, we find that the trial court erred in disregarding this irregularity and deciding the case on its merits. The appropriate action would have been to remand the matter to the Board, with an order to conduct new public hearings in a manner which is in accordance with its role as an impartial decision-making tribunal. *See Horn; Kresge; Sultanik.* That is the action which we now take.

In remanding this case, we not only direct that the Board adhere to its role as an impartial tribunal, but also direct that the Board make specific findings with respect to certain matters in dispute which have been raised as issues on appeal before the trial court and before this Court. We take this action to ensure that the parties, and any courts which may review this case in the future, have a clear understanding as to the facts of this dispute.

Specifically, we direct that the Board make findings of fact and conclusions of law which will clarify the exact nature of Appellee's proposal: does Appellee desire approval to extend the height of its existing radio antenna tower,

or does it seek approval for the construction of a new tower.

The record indicates that there is some dispute over this point. Appellee contends that it is seeking a modification of its existing use, and the trial court used this same description to characterize the proposal at one point in its opinion. *See* slip op. at 14. However, the Board contends that the proposal is for a change of use. The Board apparently reached this conclusion because it understood that Appellee's proposal is not to increase the height of the existing tower as such; rather, Appellee proposes to construct a new tower alongside the existing one, and demolish that existing tower upon completion of the new tower. The trial court also characterizes Appellee's proposal in this manner at another point in its opinion. *See* slip op. at 2.

We realize that the proposed "use" of the parcel, as the site for a radio antenna tower, is the same as the current use of the property. However, if Appellee proposes to demolish the existing structure and erect a completely new structure in its place, its proposal may, under these circumstances, constitute a new use of the parcel for purposes of zoning law. In any event, it would not appear that Appellee's proposal can simultaneously be regarded as a modification of an existing use and a request for approval of a change of use. Moreover, it appears from a reading of the township's zoning code that a different procedure has been prescribed for consideration of a modification of a use, as opposed to a change of use.[3] Therefore, we direct that the Board make findings of fact and conclusions of law with respect to this question.

The record also indicates that there is some dispute here with regard to the applicability to the current proposal of conditions agreed to by Appellee in 1981 pertaining to construction of its existing tower. We direct that the Board make findings of fact and conclusions of law concerning the relevance to Appellee's current proposal, if any, of the conditions set forth in the agreement entered into on De-

**3.** *See* subsections (a) and (b) of zoning ordinance section 1365.12.

cember 21, 1981 by Appellee, the owner of the parcel leased by Appellee, and Newtown Township.

Therefore, having concluded, as did the trial court, that the public hearings held by the Board in this matter were conducted in a manner which was prejudicial to Appellee, and having concluded that the trial court erred in not remanding this matter to the Board to remedy this error, we now remand this matter to the trial court, and direct the trial court to remand this matter to the board to conduct new public hearings in a manner that is consistent with the principles set forth in this opinion. We also direct that the Board make findings of fact and conclusions of law on the questions specified in this opinion.[4]

## ORDER

AND NOW, February 25, 1991, the order of the Court of Common Pleas of Delaware County entered in the above-captioned matter is hereby vacated.

This matter is remanded to the Court of Common Pleas of Delaware County for its remand to the Board of Supervisors of Newtown Township for further proceedings, and for findings of fact and conclusions of law required by the foregoing opinion.

Jurisdiction is relinquished.

---

[4] In light of our disposition of this case on a procedural question and our decision to remand this matter for a new public hearing, we do not reach or decide here the merits of the other five issues presented by the Board in this appeal.