611 A.2d 346

**Lydia SANCHEZ, a minor by her parent Maria SANCHEZ, individually and as guardian, Appellants,**

**v.**

**PHILADELPHIA HOUSING AUTHORITY, Philadelphia Gas Works and Sears, Roebuck and Company, Appellees.**

Commonwealth Court of Pennsylvania.

Argued March 5, 1992.

Decided June 3, 1992.

David A. Jaskowiak, for appellants.

Richard A. O'Halloran, for appellees.

Before DOYLE and SMITH, JJ., and LEDERER, Senior Judge.

SMITH, Judge.

This is an appeal from an order of the Court of Common Pleas of Philadelphia County granting Philadelphia Gas Works' (PGW) second motion for summary judgment and dismissing the complaint filed by Maria Sanchez (Sanchez) with prejudice. Sanchez challenges the authority of the trial judge to overrule the decision of another trial judge of the same court who denied PGW's first motion for summary judgment. In the alternative, she asserts that genuine issues of material fact exist regarding PGW's liability under the utilities exception to governmental immunity set forth in the Judicial Code, 42 Pa.C.S. § 8542(b)(5);[1] and that if immunity

---

1. Section 8542(b) states in pertinent part:

   **(b) Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

   . . . .

   (5) *Utility service facilities.*—A dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency and located within rights-of-way, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and

does exist, the doctrine of equitable estoppel precludes PGW from raising that defense. For reasons discussed below, the trial court's order granting summary judgment is vacated.

In reviewing the grant or denial of summary judgment, this Court must determine whether the trial court abused its discretion or committed an error of law. *Leonard v. Cole*, 134 Pa.Commonwealth Ct. 14, 578 A.2d 53 (1990), *appeal denied*, 526 Pa. 651, 585 A.2d 470 (1991). Summary judgment shall be entered where the pleadings, depositions, answers to interrogatories, and admissions together with affidavits, if any, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035(b); *Beach v. Burns Int'l Security Services*, 406 Pa.Superior Ct. 160, 593 A.2d 1285 (1991). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979). In passing on a motion for summary judgment, the trial court must examine the record in a light which is most favorable to the non-moving party. *Hankin v. Mintz*, 276 Pa.Superior Ct. 538, 419 A.2d 588 (1980).

This action was commenced on October 9, 1984 when Sanchez filed her complaint in trespass against PGW alleging that its failure to re-connect Sanchez' gas service resulted in injuries to her minor child Lydia Sanchez who suffered burns to her body on November 13, 1982 when she brushed against a space heater retrieved by Sanchez from neighborhood trash to heat her home. On September 29, 1982, Sanchez entered into an agreement with PGW to resume gas service to her home rented from the Philadelphia Housing Authority.[2] PGW agreed that in exchange for an assignment by Sanchez of certain Housing and Urban Development funds due Sanchez,

that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

2. Sanchez also sued the Philadelphia Housing Authority and Sears, Roebuck and Company, but the action was settled as to those defendants.

PGW would restore gas to the home within twenty-four hours. Despite the agreement, however, PGW did not restore gas to the house and further did not go to Sanchez' home until November 10, 1982 when PGW, through its representative, issued an order to turn on the gas pending investigation. On November 15, 1982, PGW discovered that a service stopper had previously been installed backwards in the gas service main and had to be removed because it blocked the flow of gas. Eventually, gas service was restored the next day on November 16 after PGW excavated the street, removed the service stopper, renewed the gas service line to the property, and installed a gas meter.

PGW filed its first motion for summary judgement on July 24, 1987 asserting governmental immunity from suit. Sanchez filed her answer contesting the motion and asserting liability under the utilities exception due to the dangerous condition created by PGW and that material questions of fact remain to be decided at trial. Prior to the filing of PGW's motion, the parties had engaged in extensive discovery including at least five depositions of various witnesses representing both sides to this action and had produced other discovery material. On November 10, 1987, the trial court denied summary judgment. Thereafter, both parties filed requests for admissions and interrogatories and because of disputes between them, a master was appointed to resolve those disputes on September 14, 1990 by the original judge who denied summary judgment. PGW filed its second motion for summary judgment after the master issued his findings, and according to Sanchez, raised no new factual or legal grounds. Another trial judge assigned to this case granted PGW's motion on August 28, 1991, finding insufficient facts to bring the action within any of the exceptions to governmental immunity, particularly the real estate exception, citing *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987).

Sanchez argued that the second motion for summary judgment was precluded by the doctrine of the "law of the case" and vigorously argued that no basis existed for the second judge to overrule an interlocutory order of another judge of

the same court. PGW, on the other hand, claims that an agreement existed between counsel that after certain discovery disputes were resolved by the master, PGW would file a second motion and Sanchez would not defend on the basis of the denial of the first motion for summary judgment. PGW contends that Sanchez has therefore waived this defense. By affidavit contained in the record and in her brief to this Court, Sanchez denies an agreement that PGW could file a second motion for summary judgment raising issues previously litigated, and moreover, that Sanchez never abandoned arguments presented in response to PGW's first motion. Evidence of record does not demonstrate an agreement between counsel that PGW would file a second motion for summary judgment raising once again its immunity from suit.

In Pennsylvania, the general rule is that a trial judge may not overrule an interlocutory order of another judge of the same court in a case involving an issue previously litigated. This policy, distinguishable from the doctrine of the "law of the case",[3] requires that there must be some finality to pre-trial applications or motions to promote judicial economy and efficiency. In *Buck v. Coldway Food Express, Inc.*, 383 Pa.Superior Ct. 580, 557 A.2d 404, *appeal denied*, 525 Pa. 623, 578 A.2d 411 (1989), the court indicated that unless new evidence is presented to the second trial judge, the original judge's decision must be followed. *See also Reifinger v. Holiday Inns, Inc.*, 315 Pa.Superior Ct. 147, 461 A.2d 839 (1983) and *Farber v. Engle*, 106 Pa.Commonwealth Ct. 173, 525 A.2d 864 (1987).

Close scrutiny of PGW's first and second motions for summary judgment demonstrates that both motions asserted entitlement to governmental immunity and the second motion presented no new factual evidence which warranted a relit-

---

**3.** This doctrine is inapplicable as it applies to appellate courts only and states that where an appellate court has considered and decided a question on appeal, that court will not in a later appeal of another phase of the same case reverse its prior ruling even though the court is convinced it was in error. *Department of Transportation v. Estate of Julia F. Rochez,* 146 Pa.Commonwealth Ct. 414, 606 A.2d 563 (1992); *Farber v. Engle,* 106 Pa.Commonwealth Ct. 173, 525 A.2d 864 (1987).

igation of the immunity question. In the first motion, PGW denied that the utilities exception applied and that the complaint did not fall within the purview of Section 8542(b)(5). PGW further argued that Section 8542(b)(5) requires an injury to be caused by the dangerous condition of a utility service system and that the record fails to prove this critical element. In its second motion, PGW merely stated that none of the exceptions to immunity applied. Rather than arguing the inapplicability of the utilities exception rejected by the original judge, PGW shifted its argument to the real estate exception and contended that under *Mascaro* and its progeny, since the alleged injuries did not result directly from a defect in the real estate itself, PGW may not be held liable.

PGW contends that since there was intervening discovery between the first and second motions, it was appropriate to file the second motion and that the trial judge properly granted that motion. To support this contention, PGW cites *Bersani v. School District of Philadelphia*, 310 Pa.Superior Ct. 1, 456 A.2d 151 (1982).[4] Despite its contention, PGW has failed to demonstrate in its second motion that new evidence existed which warranted the second judge's consideration of PGW's motion. Also, PGW took no steps to request reconsideration by the original trial judge of his denial of summary judgment even though court docket entries show his involvement in the case at least until September 1990 when he ordered submission of discovery disputes to a master.

In *Reifinger*, the Superior Court reversed the decision of a trial judge who overruled a decision of another judge assigned to a case, finding no valid reason in the record to make an exception to the general rule that one judge may not overrule an interlocutory order of another judge of the same court in the same case. Although differing in its procedural posture, the general principle reiterated in *Reifinger* remains equally

---

4. In *Bersani*, even though the court concluded that the second trial judge's consideration of defendant's second motion for summary judgment was justified due to the large amount of new information added to the record between motions, the order of the second judge granting summary judgment was nevertheless reversed because evidence existed which satisfied elements of the plaintiff's claim.

applicable to the case sub judice, and this Court finds no reason for rejecting well-settled law. Consequently, having no valid justification for allowing PGW to relitigate its immunity defense in a second motion for summary judgment, the trial court's order granting summary judgment must be vacated and this case remanded to the trial court for further proceedings without discussion of Sanchez' alternative arguments.

## ORDER

AND NOW, this 3rd day of June, 1992, the order of the Court of Common Pleas of Philadelphia County granting summary judgment to Philadelphia Gas Works is vacated and this case is remanded to the trial court for further proceedings.

Jurisdiction relinquished.