645 A.2d 450

William PRIN, Evi Prin, Alice G. Prin, Claire Prin Blomquist and 4004 Monroeville Boulevard, Inc., Appellants,

v.

The COUNCIL OF the MUNICIPALITY OF MONROEVILLE and Robert L. Caruso.

William PRIN, Evi Prin, Alice G. Prin, Claire Prin Blomquist and 4004 Monroeville Boulevard, Inc., Appellants,

v.

The COUNCIL OF the MUNICIPALITY OF MONROEVILLE and Robert L. Caruso.

Commonwealth Court of Pennsylvania.

Argued Feb. 28, 1994.

Decided July 7, 1994.

Dwight D. Ferguson, for appellants.

Beth S. Mills, for appellee.

Before SMITH and NEWMAN, JJ., and KELTON, Senior Judge.

SMITH, Judge.

William Prin, Evi Prin, Alice G. Prin, and Claire Prin Blomquist (The Prins) are owners of property in the Municipality of Monroeville who, along with 4004 Monroeville Boulevard, Inc. (collectively Appellants), appeal from an order of the Court of Common Pleas of Allegheny County which affirmed a decision by the Monroeville Municipal Council (Council) denying Appellants' conditional use and site plan applications necessary for development of their property.[1] While Appellants raise eight questions for review, this Court's disposition of the case requires discussion of only one: whether Appellants were denied due process because of the apparent bias of a Council member.

The Prins own approximately 70.7 acres of property in Monroeville. They granted to 4004 Monroeville Boulevard, Inc. an option to purchase and the right to further develop the

---

1. Appellants consecutively filed two sets of applications, both of which were denied by Council and subsequently appealed to the trial court. The court affirmed both decisions; both orders were appealed to this Court which consolidated the two cases.

property initially as a shopping center. In December 1989, Appellants filed conditional use and site plan applications with the Monroeville zoning officer for construction of a shopping center on the property, and the applications were considered and discussed by the Monroeville Planning Commission (Commission) at a series of public hearings in January, February, and March 1990. At the February meeting, Richard Lopicollo, councilman for the fifth ward where the property is located, spoke in opposition to the shopping center, and at the March meeting the Commission voted to recommend to Council that Appellants' applications be denied.

Lopicollo subsequently wrote to his constituents twice on Council stationery, expressing strong opposition to the project and calling on them, in one letter, to attend the Council meeting where a vote was scheduled on the applications to "send the message" of their disapproval and encourage Council to "[hammer in] the next nail in the coffin of this ill-conceived project," and in another letter urged constituents to help "defeat this latest example of a greedy developer." At a public hearing on May 8, 1990, Appellants' attorney requested recusal of Lopicollo because of his previously voiced disapproval of their applications; the request was ignored; and Council denied the applications. In November 1990, Appellants filed a second set of conditional use and site plan applications for construction of a smaller shopping center on the property; in February 1991 the Commission voted to recommend to Council denial of the applications; and in March 1991 Council denied the applications.

Appellants appealed both decisions to the trial court which affirmed Council's denials of the applications without further hearing.[2] The scope of review by this Court in a zoning case where the lower court has taken no additional testimony or evidence is limited to determining whether, in this case, Council abused its discretion, committed an error of law, or whether the findings are supported by substantial evidence. *See Sweigart Appeal,* 117 Pa.Commonwealth Ct. 84,

---

2. While Appellants presented the question of Lopicollo's bias to the trial court, the trial court did not address the issue in its opinion.

544 A.2d 74 (1988). Further, this Court has long recognized that interference with the actions of a municipal body is to be undertaken in extremely limited circumstances; *see, e.g., Flaherty v. Port Authority of Allegheny County,* 450 Pa. 509, 299 A.2d 613 (1973), where the authority acted outside the scope of its power or in an improper exercise of its discretion. *Also see Frederick v. City of Butler,* 30 Pa.Commonwealth Ct. 625, 374 A.2d 768 (1977); *Haddington Leadership Organization, Inc. v. Sherman,* 8 Pa.Commonwealth Ct. 309, 302 A.2d 919 (1973).

■ Appellants contend they were denied due process by Lopicollo's participation in the Council votes that resulted in denial of their applications despite his obvious bias against the project. They cite Lopicollo's authorship and distribution of inflammatory letters, solicitation of opposition, appearances before the Zoning Board and the Commission, and "vote trading" with another councilman in an effort to defeat the applications as evidence of his bias. In *Horn v. Township of Hilltown,* 461 Pa. 745, 337 A.2d 858 (1975), the Supreme Court held that due process was denied where an individual served as a zoning board solicitor and subsequently appeared before the same board as the municipality's solicitor to oppose an application for a variance. The Court recognized that a governmental body that is charged with certain decision-making functions must avoid even the appearance of possible prejudice, "be it from its members or from those who advise it or represent parties before it." *Id.* at 748, 337 A.2d at 860.

In *Newtown Township Board of Supervisors v. Greater Media Radio Co.,* 138 Pa.Commonwealth Ct. 157, 587 A.2d 841 (1991), this Court applied the principles of *Horn* to find improper a situation where the township solicitor served as a legal advisor to a township board of supervisors in ruling on a conditional use application while also acting in an adversarial capacity in opposition to the application:

> In the present case we have a municipal governing body which is called upon to act in the capacity of a tribunal. We recognize that the members of the Board may not be accustomed to functioning in the role of a decision-making

tribunal. However, when a governing body is acting in this capacity, it must adhere to the principle stated in *Horn* that it avoid not only actual bias, but also even the appearance of bias or impropriety.

*Id.* at 163, 587 A.2d at 844. This Court found that the trial court erred by ignoring the prejudicial approach and deciding the case on its merits, and stated that the appropriate action would have been to remand the matter with an order "to conduct new public hearings in a manner which is in accordance with its role as an impartial decision-making tribunal." *Id.*

Finally, in *McVay v. Zoning Hearing Board of New Bethlehem Borough*, 91 Pa.Commonwealth Ct. 287, 496 A.2d 1328 (1985), members of a zoning hearing board had signed and filed petitions, prior to becoming members of the board, in opposition to a zoning ordinance amendment that would have permitted development of a low-income housing project, and subsequently denied a special exception for the same project as board members. The members' previous protest against the rezoning was the basis for this Court's determination that the decision to deny the special exception was void by reason of bias. This Court reiterated the long-established rule that "any tribunal permitted by law to try cases and controversies must not only be unbiased but must avoid even the appearance of bias." *Id.* at 290, 496 A.2d at 1330, citing *Gardner v. Repasky*, 434 Pa. 126, 252 A.2d 704 (1969). *See also Horn; Newtown Township Board of Supervisors; Department of Education v. Oxford Area School Dist.*, 24 Pa.Commonwealth Ct. 421, 356 A.2d 857 (1976).

It is clear that Councilman Lopicollo was predisposed against Appellants' project, and his actions in opposition, particularly the letters on official Council stationery, clearly demonstrated his bias and should have precluded him from participating in Council's vote on Appellants' applications. Accordingly, the trial court's order is reversed and the matter is remanded to the trial court with direction to remand the case to Monroeville Council for a vote absent Councilman Lopicollo.

## ORDER

AND NOW, this 7th day of July, 1994, the order of the Court of Common Pleas of Allegheny County is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

Jurisdiction relinquished.