**MUNICIPALITY OF MONROEVILLE,**
**Appellant,**

v.

**William PRIN, Evi Prin, Alice G. Prin, Claire Prin Blomquist and Grandview Development Company, successor to 4004 Monroeville Boulevard, Inc., a Pennsylvania Corporation.**

Commonwealth Court of Pennsylvania.

Submitted March 12, 1996.

Decided June 25, 1996.

John F. Cambest and Bonnie Brimmeier, for Appellant.

William T. Krahe, for Appellees.

Frederick A. Sproull, for Amicus Curiae, Curt Waligura.

Before COLINS, President Judge, SMITH, J., and RODGERS, Senior Judge.

SMITH, Judge.

The Municipality of Monroeville (Monroeville) appeals from an order of the Court of Common Pleas of Allegheny County that reversed the decision of the Monroeville Municipal Council (Council) denying applications of the owners of a property along Monroeville Boulevard to perform excavation and to construct a shopping center. Monroeville states the questions presented as whether the doctrines of collateral estoppel, res judicata or law of the case precluded the taking of the subject appeal to the trial court or precluded the trial court from ruling on issues that had been decided by another judge previously; whether Council committed error of law or abuse of discretion by denying the conditional use application and the site plan application; and whether confusion relating to a 1987 rezoning affects the decision in this case.

William Prin, Evi Prin, Alice G. Prin and Clair Prin Blomquist (Prins) are owners of the 70.7–acre property at issue. They granted an option to 4004 Monroeville Boulevard, Inc. (4004) to purchase and begin development of a shopping center; both later assigned their development rights to Grand View Development Company. After Council denied applications for approval for a large shopping center in May 1990, the Prins and 4004 (Applicants) filed a conditional use application and a site plan application for a smaller shopping center. At a meeting on March 12, 1991, after discussing how much of the property was zoned "C–2" Business, Council denied these applications. On appeal, the trial court, Penkower, J., affirmed. On further appeal, this Court reversed and remanded, on the ground that the due process rights of the Applicants were violated when Council voted on the applications in its quasi-judicial role with the participation of a member of Council who had campaigned vigorously against the proposal and so had shown himself to be biased and not capable of rendering an impartial decision. *Prin v. Council of Municipality of Monroeville,* 165 Pa.Cmwlth. 519, 645 A.2d 450 (1994).

Following remand, Council held two new hearings (without the introduction of new evidence) for the benefit of new members of Council and again voted to deny the applications, without the participation of the biased member. On the second appeal the trial court, McLean, J., reversed, concluding that the record showed that the area covered by the application was zoned C–2, in which a shopping center is a permitted use, thus rendering Council's conditional use analysis superfluous; that Council abused its discretion in denying the applications on the basis of increase in traffic, for lack of sufficient evidence in regard to either the conditional use of excavation or the permitted shopping center use; and that Council further abused its discretion in requiring the Applicants to make traffic improvements far beyond the actual site, contrary to the provisions of Section 503–A(b) of the Pennsylvania Municipalities Planning Code (MPC).[1]

■■■ Monroeville first argues that the doctrines of res judicata, collateral estoppel or law of the case precluded the trial court in the second appeal from ruling upon issues decided by a different judge of the trial court in the first appeal.[2] As the Applicants note, however, both res judicata and collateral estoppel require the existence of a final judgment in a case before preclusion of relitigation of a claim (res judicata) or of an issue (collateral estoppel) applies. *See Jacquelin v. Zoning Hearing Board of Hatboro Bor-*

---

1. Act of July 31, 1968, P.L. 805, *as amended,* added by Section 1 of the Act of December 19, 1990, P.L. 1343, 53 P.S. § 10503–A(b).

2. The Applicants have filed a motion to quash Monroeville's appeal. They assert that the member of Council prohibited from voting on the applications on remand took part in Council's decision to bring the present appeal, and his vote was necessary to the outcome. The Applicants contend that the member determined to be bi-

ased in *Prin* should not have participated for that reason in the vote regarding appeal. This Court agrees with Monroeville, however, that the vote to appeal was the action of a party in the course of litigation, not the quasi-judicial action of a governing body in ruling upon an application; hence, the requirement of eliminating bias in the quasi-judicial decision making process did not apply. Therefore, the motion to quash is denied.

*ough,* 152 Pa.Cmwlth. 568, 620 A.2d 554 (1993) (factors for applying collateral estoppel include a final judgment on the merits in the earlier action), and *Mintz v. Carlton House Partners, Ltd.,* 407 Pa. Superior Ct. 464, 595 A.2d 1240 (1991) (under res judicata a final, valid judgment on the merits by a court of competent jurisdiction bars future suits between the same parties or their privies on the same cause of action). A judgment has yet to be entered in the present case; hence, these doctrines do not apply.

Under the doctrine of the law of the case, where an appellate court has considered and decided a question on appeal, it will not, in a later appeal of another phase of the same case, reconsider its previous ruling, even though convinced it was in error. *Sanchez v. Philadelphia Housing Authority,* 148 Pa.Cmwlth. 329, 611 A.2d 346 (1992). This doctrine applies to appellate courts only. *Id.* In any event, the doctrine requires the existence of a valid and effective prior order. In this case the reversal of the first trial court order and remand for a new proceeding before Council rendered that first trial court order inoperative. Another distinct rule is that a trial judge may not overrule an interlocutory order of another judge of the same court as to an issue previously litigated. *Id.* That policy does not apply here either because the trial court's ruling on the first appeal was not an interlocutory order but rather a final, appealable order, ultimately reversed by this Court in *Prin.*

On the merits of the denial of the applications, Monroeville notes that where a trial court has taken no additional evidence in a zoning case, this Court's scope of review is limited to determining whether the municipal body abused its discretion or committed an error of law and whether the findings are supported by substantial evidence. *Appeal of Sweigart,* 117 Pa.Cmwlth. 84, 544 A.2d 74 (1988). Interference with the actions of a municipal body should occur only in extremely limited circumstances where such a body acts outside the scope of its powers or in an improper exercise of its discretion. *Frederick v. City of Butler,* 30 Pa.Cmwlth. 625, 374 A.2d 768 (1977).

Monroeville first discusses the statutory authority for municipalities to permit conditional uses, Section 603(c)(2) of the MPC, 53 P.S. § 10603(c)(2), and various provisions in Article Four of the Monroeville Zoning Ordinance relating to conditional uses. As the Applicants note, however, Monroeville's argument concerning the shopping center as a conditional use rests on the assertion that much of the area involved is located in an R–2 district. Table 201 of the Zoning Ordinance, which enumerates the types of zoning districts and specifies the permitted and conditional uses for each type, includes "Shopping Center" as a permitted use in a " 'C–2'—Business" district and "Major Excavation" as a conditional use in that district. Certified Record, Brief of Appellants, Exhibits Volume A, Item No. 2, p. 8. Table 201 does not provide for a shopping center as a permitted use or a conditional use in an " 'R–2'—One–Family Residence" district, *id.,* p. 7, and Section 205 of the Zoning Ordinance provides that uses not specifically listed as permitted or conditional uses shall be prohibited. Thus the question of the zoning of the area involved, which Monroeville discusses separately, is a preliminary, determinative matter.

Council stated among the reasons for the denial that the Applicants failed to show that the proposed site plan is within a C–2 district. In addition, the denial asserted that the rezoning in 1987 was null and void as to the subject property for inability to determine the areas rezoned and for lack of planning under Section 301 of the MPC, 53 P.S. § 10301, relating to preparation of comprehensive plan, and Section 401.7 of the Zoning Ordinance, which specifies that a proposed conditional use shall be consistent with the comprehensive plan.

As the trial court determined, there is no question that the area involved here is within a C–2 district. Although testimony at the Council meeting of May 8, 1990 indicates that the rezoning affecting this particular area in the 1987 proposed comprehensive rezoning package was mistakenly described as including roughly 18 acres, the Planning Director testified that in 1987 Council approved an official zoning map that (1) did not

affect the 1.57 acres fronting the road, which was already zoned C–2; (2) rezoned an area of 9.33 acres behind the area originally zoned C–2 from R–2 to C–2; (3) rezoned an area of 20.69 acres behind the area changed from R–2 to C–2 from "L"—Special Use to C–2; and (4) did not affect the remaining portion of the property, which was zoned L. The proposed site plan is within the area zoned C–2 on the official map, and Council abused its discretion in determining that Applicant had failed to establish this point.

Monroeville asserts, however, that the 1987 rezoning was "null and void" as to the subject property because of lack of compliance with provisions of the MPC relating to comprehensive plans. Monroeville acknowledges that the 1987 rezoning was accompanied by a "1987 Comprehensive Plan Revision." It argues, however, that the relatively brief description of the subject property, its neighboring properties and their uses (and its reference to the area affected as being 18 acres) fails to comply with the detailed requirements of Section 301 of the MPC, including discussion of matters including community objectives, traffic, utilities, water supply and sewage.

■■■■■ A zoning ordinance is presumed to be valid. *Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328 (1975). As the Applicants emphasize, Section 909.1(a) of the MPC[3] provides that the zoning hearing board shall have "exclusive jurisdiction" to hear and render adjudications in matters of substantive challenges to the validity of any land use ordinance (with certain narrow exceptions not relevant here) or validity challenges raising procedural questions or alleged defects in the process of enactment or adoption. Procedural challenges must be raised by an appeal taken within 30 days of the effective date. *See Sharp v. Zoning Hearing Board of the Township of Radnor*, 157 Pa.Cmwlth. 50, 628 A.2d 1223, *appeal denied*, 536 Pa. 629, 637 A.2d 290 (1993). Council's assertion that the 1987 rezoning of the subject property was null and void was not based upon any adjudication by the zoning hearing board of either a procedural or a substantive validity challenge. Consequently, the C–2 zoning of

the subject property was and is valid and effective.

■■■■ As for the validity of the conditions imposed by Council relating to traffic control, Monroeville cites Section 104.6(c) of the Zoning Ordinance, which lists among community development objectives traffic planning and control to provide safe and convenient movement, and Section 306.5(g), which lists among general regulations that no site plan shall be approved that is likely to create substantial pedestrian or vehicular traffic hazards and provides that requirements may include traffic control devices and acceleration and deceleration lanes. Monroeville further notes that Section 603(c)(2) of the MPC permits a governing body, in allowing a conditional use, to attach such reasonable conditions and safeguards, in addition to those expressed in the ordinance, as it may deem to be necessary to implement the purposes of the MPC and of the ordinance. Council commissioned a traffic study, which identified traffic flow problems in the immediate area of the subject property and at a distance. Council in its denial listed conditions to be imposed should the denial be overturned, including improvements to some intersections at least one mile from the property.

The record reflects that the Applicants agreed to address the three "on-site" traffic concerns raised by the study; Monroeville concedes that the Applicants agreed to ameliorate some of the problems identified in the traffic study but not all, thereby referring to the "off-site" improvements. First, the Court notes that Monroeville's reliance on Section 603 of the MPC is misplaced. As determined above, the shopping center is a permitted use, not a conditional use subject to the imposition of conditions mentioned in Section 603 in relation to conditional uses. Although Monroeville is correct that major excavation is a conditional use, subject to imposition of conditions under Section 603, Council did not purport to impose conditions relating to excavation; rather, the conditions related to the operation of the permitted use of the shopping center.

3. Added by Section 87 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10909.1(a).

The Court need not address the question of the propriety of Council's in essence imposing conditions upon a permitted use by the mechanism of defining the excavation needed for that use as a conditional use and then imposing conditions on the excavation. As the Applicants and the trial court emphasize, Section 503–A(b) of the MPC has already prohibited the type of off-site conditions imposed here:

No municipality shall have the power to require as a condition for approval of a land development or subdivision application the construction, dedication or payment of any offsite improvements or capital expenditures of any nature whatsoever or impose any contribution in lieu thereof, exaction fee, or any connection, tapping or similar fee except as may be specifically authorized under this act.

Council's attempt to impose conditions of off-site improvements in violation of Section 503–A at a minimum constituted an error of law. Accordingly, the order of the trial court reversing Council's denials of the applications is affirmed.

### ORDER

AND NOW, this 25th day of June, 1996, the motion to quash filed by Appellees is denied. The order of the Court of Common Pleas of Allegheny County is affirmed.