423 A.2d 8

**D. Edward CHAPLIN and Joseph Colavecchi, Appellants,**

**v.**

**Theodore PELTON and Thomas Pelton t/d/b/a P & M Logging Company, Appellees.**

Superior Court of Pennsylvania.

Argued April 14, 1980.

Filed Dec. 12, 1980.

Joseph Colavecchi, Clearfield, for appellants.

Clarence R. Kramer, Clearfield, for appellees.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

PER CURIAM:

The issue in this trespass action heard nonjury involves the title to a certain tract of land which appellants—plaintiffs claim by virtue of a tax deed, upon which appellees—defendants conducted logging operations. The trial judge found in favor of the appellees, basing his decision in part on

his own examination of records in the Records of Deeds Office. This was error and we reverse.

At trial, the parties introduced various maps and deeds, the testimony of an engineer for the appellants and a registered surveyor for the appellees. Appellants' engineer was of the opinion that, on the basis of a survey, various maps and deeds, the logging operations were conducted on appellants' lands; while the appellees' surveyor opined that they did not. The trial judge agreed with appellees, finding that the tax deed conferred no interest in the appellants and directed that judgment be entered in favor of the appellees.

The appellants filed numerous exceptions. Exception number three states: "Plaintiffs except to the court's finding based on an examination of deeds attached to the Defendants' trial brief, and not based on trial records." The court, in dismissing the exceptions, stated: "Exception # three is dismissed on the basis that, while copies of certain deeds were attached to Defendants' trial brief, the originals are matters of public record in the Clearfield County Recorder of Deeds Office, and it was an examination of said deeds of record that contributed to the court's determination of this Action." It is clear that the trial judge fell into error in doing so.

We find nothing in the record to indicate that the deeds referred to by the court as attached to the "Defendants" (appellees) brief were made a part of the record. The fact that the deeds were recorded and hence public records gave them no special sanctity, being merely public notice of title.[1] Proper exemplification of recorded deeds makes them available as legal evidence, and simply dispenses with the necessity of producing the original deeds in those cases where such deeds would be competent testimony.[2] This does not obviate the necessity of producing and introducing into the record either the original or exemplified copies of such documents at trial.

1. *Salter v. Reed*, 15 Pa. 260; Ladner, *Conveyancing in Pennsylvania*, 4th Ed. § 18.02.

2. See 42 Pa.C.S.A. § 6106.

Nor can such action by the trial judge be sustained on the ground of judicial notice. Aside from the fact that it concerned disputed questions of fact which are not within the domain of judicial notice,[3] no request to take such notice was made [4] nor was any authorization given to make such an examination.[5]

The trial judge's action in examining the deed records not only deprived appellant of the opportunity to question, as well as dispute, the relevancy of any such recorded deeds, but made it impossible for this court to determine the basis for his factual findings.[6]

Reversed and remanded for a new trial.

WICKERSHAM, J., concurs in the result.

**3.** See McCormick, Evidence 2nd Ed. § 329.

**4.** *Platt v. Philadelphia*, 183 Pa.Super. 486, 133 A.2d 860.

**5.** At various times during trial, counsel for appellant spoke about stipulating as to recorded deeds. No such stipulation or agreement appears in the record.

**6.** *See Wells v. Pittsburgh Board of Public Education*, 31 Pa.Cmwlth. 1, 374 A.2d 1009 (1977).