J-A10015-14

2015 PA Super 18

| | |
|---|---|
| DONALD R. SISSON AND MARY SISSON, HIS WIFE, | : IN THE SUPERIOR COURT OF<br>:        PENNSYLVANIA<br>: |
|     Appellants | : |
|        v. | : |
| JOSEPH STANLEY, HIS HEIRS, SUCCESSORS, EXECUTORS, ASSIGNS, AND ANY PERSONS CLAIMING BY, THROUGH, OR FROM THEM, | : |
|     Appellees | : No. 1347 MDA 2013 |

Appeal from the Order entered June 28, 2013,
Court of Common Pleas, Susquehanna County,
Civil Division at No. 2010-620 C.P.

BEFORE:  DONOHUE, ALLEN and STABILE, JJ.

DISSENTING OPINION BY DONOHUE, J.:          **FILED JANUARY 27, 2015**

With due deference to the Majority, the decision to affirm the trial court's order opening the judgment in the absence of any evidentiary record completely disregards our standard of review.  The certified record on appeal reflects that the Appellee, Rita Stanley Lupold ("Lupold"), submitted **no** evidence to the trial court in support of her allegations in the petition to open the judgment, including no evidence of a lack of actual notice of the action (either as a result of the service by publication or otherwise) and no evidence to support a finding that the search for potential heirs was insufficient.  The trial court, in the absence of any evidence, apparently conducted its own factual investigation to provide itself with a basis for its

decision. The learned Majority, rather than follow our standard of review requiring reversal in the absence of any evidence of record, has instead "supplemented" the certified record on appeal in direct contravention of the Pennsylvania Rules of Appellate Procedure. While I am not blind to the laudable desire to rectify an apparent prejudice when a judgment appears to have been entered without adequate notice of suit, we cannot do so based upon mere assumptions and unsupported allegations. For these reasons, I must respectfully dissent.

Unlike the Majority, I begin with our standard of review. A petition to open a judgment is an appeal to the equitable powers of the court. *Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 919 (Pa. 1997); *First Seneca Bank & Trust Co. v. Laurel Mountain Development Corp.*, 485 A.2d 1086, 1088 (Pa. 1984). Our standard of review in matters of equity is to determine whether the findings of fact are supported by competent evidence, whether an error of law has been committed, or whether there has been a manifest abuse of discretion. *Possessky v. Diem*, 655 A.2d 1004, 1008 (Pa. Super. 1995). To do so, we must "examine the entire record" and "where the equities warrant … this Court will not hesitate to find an abuse of discretion." *Aquilino v. Philadelphia Catholic Archdiocese*, 884 A.2d 1269, 1280 (Pa. Super. 2005) (quoting *Reid v. Boohar*, 856 A.2d 156, 159 (Pa. Super. 2004)).

My review of the record here discloses no basis upon which to affirm the trial court's decision to open the judgment. In connection with a quiet title action filed by Appellants, Donald and Mary Sisson (the "Sissons"), the trial court granted a motion for service by publication pursuant to Rule 430(a) of the Pennsylvania Rules of Civil Procedure, directed to the heirs or assigns of Joseph M. Stanley. On May 5, 2010, the Sissons published notice of their suit in the Susquehanna County Independent (per Rule 430(b)). After no heirs or assigns of Joseph M. Stanley responded to the service by publication, on August 2, 2010, the trial court entered judgment in favor of the Sissons.

Four months later, on November 9, 2010, Lupold (by and through her powers of attorney) filed a verified petition to open the judgment (the "Petition") entered on August 2, 2010. The trial court immediately entered an order in the form provided in Rule 206.6 of the Pennsylvania Rules of Civil Procedure.[1]

---

[1] By local rule, Susquehanna County has adopted the alternative procedure in Pa.R.C.P. 206.6 requiring the issuance of a rule to show cause as a matter of course upon the filing of a petition. Susq. Civil Rule 206.4(c). The form of order prescribed by Rule 206.6 requires the trial court to set a date for completion of depositions and schedule an argument thereafter. The Note to Rule 206.6 provides that a county may opt to replace the discovery and argument provisions in paragraphs (4) and (5) of the order with an evidentiary hearing. Pa.R.C.P. 206.6 Note. Susquehanna County has not adopted this optional practice.

**ORDER**

AND NOW, this 9th day of November, 2010, upon consideration of the foregoing petition, it is hereby ordered that

(1) A rule is issued upon the Respondents to show cause why the petitioner is not entitled to the relief requested;

(2) The Respondents shall file an answer to the petition within twenty (20) days of service upon the Respondents;

**(3) This petition shall be decided pursuant to Pennsylvania Rule of Civil Procedure 206.7;**

(4) Depositions shall be completed within ___ days of this date;

(5) Argument [] shall be held on December 28, 2010, 11:15 a.m. in Courtroom #1 of the Susquehanna County Courthouse; and

(6) Notice of the Entry of this Order shall be provided to all parties by the Petitioner or her counsel.

BY THE COURT


Trial Court Order, 11/9/2010, at 1 (emphasis added).

The Sissons filed a verified answer and new matter to the Petition on December 3, 2010, and Lupold filed an answer to the new matter on December 21, 2010. The record does not reflect any other activity by the parties until oral argument on December 28, 2010, including no depositions or other discovery and no briefs or other submissions to the trial court. The

record does not contain a transcript of the oral argument. The trial court then issued the following order:

**ORDER**

NOW TO WIT, this 28th day of December 2010, after argument held on the [Petition], it be and is hereby Ordered that the judgment ordered July 12, 2010, be and is hereby Opened.

[Lupold is] directed to file a responsive pleading to Plaintiffs' Complaint within twenty (20) days of this Order.

We specifically find under the circumstances that [the Sissons] averred that they believed John M. Stanley to be deceased[,] that the attempts to locate his heirs were insufficient as outlined in the Affidavit Pursuant to Pa.R.C.P. 430(a), and as such service upon the heirs of John M. Stanley was invalid. We specifically note no mention of investigation of contents of the will at Will Book 20 Page 570. See ***Deer Park Lumber v. Major***, 384 Pa. Super. 625, 559 A.2d 941 (1989).

BY THE COURT

Trial Court Order, 12/28/2010, at 1.[2] On December 29, 2010, counsel for the Sissons, apparently not having received service of the trial court's order, filed a post-argument brief in opposition to the Petition.

In paragraph (1) of its November 9, 2010 order, the trial court issued a rule to show cause why the relief requested in the Petition should not be granted, and in paragraph (3) the trial court acknowledged that the rule to show cause would be decided in accordance with Rule 206.7 of the Pennsylvania Rules of Civil Procedure.

---

[2] On January 24, 2011, the trial court issued an Amended Order noting the will was at page 560 rather than page 570.

### Rule 206.7. Procedure After Issuance of Rule to Show Cause

(a) If an answer is not filed, all averments of fact in the petition may be deemed admitted for the purposes of this subdivision and the court shall enter an appropriate order.

(b) If an answer is filed raising no disputed issues of material fact, the court on request of the petitioner shall decide the petition on the petition and answer.

(c) If an answer is filed raising disputed issues of material fact, the petitioner may take depositions on those issues, or such other discovery as the court allows, within the time set forth in the order of the court. If the petitioner does not do so, the petition shall be decided on petition and answer and all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of this subdivision.

(d) The respondent may take depositions, or such other discovery as the court allows.

Pa.R.C.P. 206.7.[3]

---

[3] In a footnote, the Majority contends that any discussion of Rule 206.7 is "inapposite" because the Sissons did not challenge the trial court's lack of compliance with the rule. Majority Opinion at 5 n.4. Whether the Sissons objected to the lack of compliance with Rule 206.7 is entirely irrelevant, however, since the lack of compliance by everyone involved in the process resulted in the absence of any evidentiary record to consider on appeal – which implicates our standard of review. It is impossible to review the adequacy of the record in this appeal without understanding the petition and rule proceedings that generated the trial court's decision. Noncompliance with Rule 206.7 is not the basis of my dissent – the lack of evidence in the record is.

Frankly, nothing in the certified record suggests that counsel for the Sissons had any better understanding of proper petition and rule practice under Rule 206.7 than did counsel for Lupold or the trial court. Unfortunately, as the present discussion demonstrates, for our purposes, the result of this collective confusion is the lack of any evidentiary record -- and thus

As indicated, the Sissons filed a verified answer to the Petition on December 3, 2010. My review of this answer shows that it raised at least two disputed issues of fact material to the resolution of the rule to show cause. First, the Sissons disputed that service by publication had not provided Lupold with notice of the action prior to the entry of judgment, as alleged in paragraph 10 of the Petition:

> Petition ¶ 10. [Lupold] never received actual or constructive notice of the above captioned action prior to entry of the Order or judgment entered thereon.
>
> Answer ¶ 10. The allegations contained in Paragraph 10 of [the Petition] are conclusions of fact and law to which no response is required under the Pennsylvania Rules of Civil Procedure and they are, therefore, deemed denied and placed at issue. Strict proof thereof is demanded at the time of trial.

Petition, 11/9/2010, ¶ 10; Answer, 12/3/2010, ¶ 10. Second, the Sissons disputed Lupold's contention that the search for heirs as set forth in the affidavit accompanying the motion for service by publication was insufficient and, more specifically, that they had failed to locate an obituary in a local newspaper that would have disclosed Joseph M. Stanley's heirs:

> Petition ¶ 8. [Lupold] alleged the search made by [the Sissons] was insufficient under the circumstances, particularly in light of the fact that they failed to discover Joseph M. Stanley's obituary, published in a local newspaper, which would have resulted in the discovery of his surviving sister and nieces and nephews.

---

providing no basis on which to affirm the trial court's order granting the petition to open.

> Answer ¶ 8. The allegations contained in Paragraph 8 of [the Petition] are conclusions of fact and law to which no response is required under the Pennsylvania Rules of Civil Procedure and they are, therefore, deemed denied and placed at issue. Strict proof thereof is demanded at the time of trial.

Petition, 11/9/2010, ¶ 8; Answer, 12/3/2010, ¶ 8.

Because the Sissons filed a timely answer raising disputed issues of material fact,[4] they triggered the application of section (c) of Rule 206.7. Pursuant to Rule 206.7(c), Lupold had the burden of taking depositions or other discovery to provide the trial court with evidence to support the factual allegations in the Petition. As Rule 206.7 makes clear, the burden of proof with respect to disputed issues of material fact rests with the petitioner, since if the petitioner fails to present evidence, the trial court must accept as true the allegations of fact in the respondent's answer. ***Petition of Tax Claim Bureau of Westmoreland Cnty.***, 613 A.2d 634, 638 (Pa. Cmwlth. 1992) ("[T]he party who has obtained the rule has the burden of proof upon him."); ***McCoy v. Mahoney***, 820 A.2d 736, 740 (Pa. Super. 2003); ***see***

_____

[4] Arguably, the Sissons' answers here constitute general denials under Rule 1029(b). Pa.R.C.P. 1029(b). Rule 1029(b), however, has no application in rule to show cause practice under Rules 206.1-206.7. By its terms, Rule 1029(b) applies only to "pleadings," and Rule 1017 (which lists the types of pleadings allowed in civil actions) does not include petitions for rules to show cause or answers filed thereto as "pleadings." **See** Pa.R.C.P. 1017. Rule 206.7(c) requires only that an answer to a petition for a rule to show cause raise one or more disputed issues of material fact, and the Sissons' answers to paragraphs 8 and 10 of the Petition, which deny Lupold's allegations of fact in those paragraphs and demand strict proof to the contrary, satisfy this basic requirement.

*also 500 James Hance Court v. Pennsylvania Prevailing Wage Appeals Bd.*, 33 A.3d 555, 575-76 (Pa. 2011) ("In every lawsuit, somebody must go on with it; the plaintiff is the first to begin, and if he does nothing he fails. … The test, therefore, as to the burden of proof is simply to consider which party would be successful if no evidence at all was given.").

The certified record on appeal does not disclose that Lupold took any depositions or other discovery. The record likewise does not demonstrate that Lupold ever introduced or otherwise submitted any evidence to the trial court in support of the disputed issues of material fact alleged in her Petition. The trial court did not conduct an evidentiary hearing. While the trial court's December 28, 2010 order confirms that it heard oral argument before granting the rule, there is no indication in the record that it received any evidence at this proceeding.[5] Far from disputing this point, in her appellate brief filed with this Court, Lupold freely admits that "not one word of testimony was taken in this case," and she agrees that the trial court decided the case despite "the lack of an evidentiary record." Lupold's Brief at 3, 7.[6]

In granting the rule to show cause and opening the judgment, the trial court necessarily and/or expressly decided the disputed issues of material

---

[5] As noted hereinabove, the record does not contain a transcript of the oral argument.

[6] Clearly unaware that the burden of proof rested with her, Lupold faults the Sissons for not requesting an evidentiary hearing. Lupold's Brief at 3, 7.

fact in Lupold's favor despite the absence of any evidence of record to support those determinations. No evidence of record supports Lupold's allegation that she did not receive notice of the Sissons' action, either as a result of the service by publication or otherwise. Lupold also introduced no evidence of record to provide any basis for the trial court's determination that the Sissons' search for potential heirs was insufficient. Lupold's only specific factual allegation in this regard (that an obituary in a local newspaper had identified said heirs) remains wholly unsupported, as Lupold never introduced the alleged obituary into evidence or offered any information upon which the trial court could have found that the Sissons should have located it (including, inter alia, the name of the local newspaper in question, the date of publication of the obituary, or the heirs identified). As set forth hereinabove, our standard of review permits affirmance of a trial court's order only if its findings of fact are supported by competent evidence. *Possessky*, 655 A.2d at 1008. In the absence of any evidentiary record to support the trial court's factual findings in this case, we must reverse.

In the absence of an evidentiary record, the trial court conducted its own factual investigation to provide a basis for its decision. In its December 28, 2010 order, the trial court refers to Joseph M. Stanley's will, which it found in the Susquehanna Recorder of Wills' office. Trial Court Order, 12/28/2010, at 1. This is the first, and the only, reference to the Stanley will during the entirety of the proceedings in the trial court until this time,

including no references in either Lupold's Petition or the Sissons' answer. Nothing in the certified record on appeal demonstrates, or even suggests, that the Stanley will was ever introduced into evidence by either of the parties, including at oral argument or otherwise. In a brief filed with the trial court **after** oral argument, the Sissons **still** did not mention a will, representing instead that at oral argument Lupold had relied almost exclusively on **Deer Park**. Brief in Opposition to Petition to Open and/or Strike Judgment, 12/29/2010, at 2. On appeal, Lupold does not represent that she was responsible for bringing the Stanley will to the trial court's attention, while the Sissons suggest that the trial court found it as a result of its own efforts. **See** Sissons' Brief at 16 ("The lower court determined the search was insufficient only after locating the Will of [Lupold's] father.").

Trial courts are not empowered to conduct their own investigations to obtain evidence to decide disputed issues of fact. **See, e.g.**, **Klemow v. Time Inc.**, 352 A.2d 12, 14 n.3 (Pa. 1976); **HYK Const. Co., Inc. v. Smithfield Tp.**, 8 A.3d 1009, 1017 (Pa. Cmwlth. 2010) ("The trial court improperly embarked on an extramural investigation…."). As our Supreme Court made clear in **Klemow**, a trial court's act of conducting its own fact-finding investigation is "inconsistent with the established role of the trial court in adversarial litigation." **Id.** To this end, the Supreme Court recently amended Canon 2 of the Code of Judicial Conduct to clarify that "[a] judge shall not investigate facts in a matter independently, and shall consider only

the evidence presented and any facts that may properly be judicially noticed." CODE OF JUDICIAL CONDUCT, Canon 2.9(C) (2014).

In a footnote, the Majority contends that the trial court "had authority" to take judicial notice of the Stanley will pursuant to Rule 201 of the Pennsylvania Rules of Evidence. Majority Opinion at 9-10 n.6. I do not agree. In the case before us, no party attempted to prove the fact of the will or even mentioned it. As this Court has repeatedly emphasized, "Judicial notice is intended to avoid the formal introduction of evidence in limited circumstances where the fact sought to be proved is so well known that evidence in support thereof is unnecessary…." **Floors, Inc. v. Altig**, 963 A.2d 912, 918 (Pa. Super. 2009) (quoting **Styers v. Bedford Grange Mut. Inc. Co.**, 900 A.2d 895, 898-99 (Pa. Super. 2006)). The two cases cited in the Majority's footnote merely reiterate this fundamental point, as in both instances we approved of a trial court's decision to take judicial notice of public records already at issue in the case but which had not been formally introduced into the record. **Bykowski v. Chesed, Co.**, 625 A.2d 1256, 1257-58 & n.1 (Pa. Super. 1993) (stating that the trial court was permitted to take judicial notice of a deed confirming ownership of real property, which ownership had already been admitted in the pleadings); **Pocono Summit Realty, LLC v. Ahmad Amer. LLC.**, 52 A.3d 261, 249 (Pa. Super. 2012) (stating that the trial court was permitted to take judicial notice of

subdivision plans that the plaintiffs had referenced and discussed in their complaint but had failed to attach to said pleading).

More importantly, neither **Bykowski** nor **Pocono** authorize what occurred here; namely, for a trial court to conduct its own factual investigation and then take judicial notice of the "evidence" it found. In **Chaplin v. Pelton**, 423 A.2d 8 (Pa. Super. 1980), the trial judge decided a real estate case based upon "his own examination of records in the Record[er] of Deeds Office." **Id.** at 8. The appellees had attached various deeds to a trial brief, but did not introduce them into evidence. The trial judge, in deciding the case after a non-jury trial, indicated that he had undertaken his own investigation and examination of the deeds, which he insisted was appropriate because they were "matters of public record in the Clearfield County Recorder of Deeds Office." **Id.** This Court emphatically disagreed, ruling that the independent examination was improper and could not be justified based upon "judicial notice."

> The fact that the deeds were recorded and hence public records gave them no special sanctity, being merely public notice of title. Proper exemplification of recorded deeds makes them available as legal evidence, and simply dispenses with the necessity of producing the original deeds in those cases where such deeds would be competent testimony. This does not obviate the necessity of producing and introducing into the record either the original or exemplified copies of such documents at trial.
>
> **Nor can such action by the trial judge be sustained on the ground of judicial notice.**

- 13 -

> Aside from the fact that it concerned disputed questions of fact which are not within the domain of judicial notice, no request to take such notice was made nor was any authorization given to make such an examination.
>
> The trial judge's action in examining the deed records not only deprived appellant of the opportunity to question, as well as dispute, the relevancy of any such recorded deeds, but made it impossible for this court to determine the basis for his factual findings.

*Id.* at 9 (emphasis added; footnotes omitted).[7]

---

[7] The Majority attempts to distinguish ***Chaplin*** on the grounds that there, the trial judge relied upon the contents of the document uncovered by its investigation, while instantly the trial court's decision rested on the Sissons' "failure to discover an easily discoverable document." Majority Opinion at 10 n.7.

The Majority relies upon a false dichotomy, since in ***Chaplin*** we emphasized that a trial court may not conduct its own factual investigation and then take judicial notice of the results of its improper efforts. ***Chaplin***, 423 A.2d at 9. Our decision in ***Chaplin*** did not turn on the degree of difficulty the trial court encountered in conducting its search. Similarly, the issue here is that the trial court's factual investigation was fundamentally inappropriate, regardless of its purpose or complexity.

The Majority's reference to the Stanley will as "easily discoverable" is itself noteworthy, as the Majority offers no explanation why Lupold did not locate the document herself. Under proper petition and rule practice pursuant to Rule 206.7, it was **Lupold's** obligation to locate the "easily discoverable" will, reference it in her petition to open, and then come forward with proof of its existence – which would have provided the trial court with a proper evidentiary basis for a decision to open the judgment.

The Majority's footnote further states that "[p]ursuant to our[8] request, the Stanley will has been incorporated into the certified record." Majority Opinion at 9-10 n.6. This attempt to supplement the certified record was, in my view, a clear violation of our Rules of Appellate Procedure. This Court's ability to correct or modify a certified record is governed by Pa.R.A.P. 1926(b)(1), which provides as follows:

**Rule 1926. Correction or Modification of the Record**

\* \* \*

(b) If anything material to a party is omitted from the record by error, breakdown in processes of the court, or accident or is misstated therein, the omission or misstatement may be corrected by the following means:

(1) by the trial court or the appellate court upon application or on its own initiative at any time; in the event of correction or modification by the trial court, that court shall direct that a supplemental record be certified and transmitted if necessary[.]

Pa.R.A.P. 1926(b)(1). The Note to Pa.R.A.P. 1921 provides further clarification:

[I]f the appellate court determines that something in the original record or otherwise presented to the trial court is necessary to decide the case and is not included in the certified record, the appellate court may, upon notice to the parties, request it from the trial court sua sponte and supplement the certified

---

[8] The Authoring Judge of the Majority decision acted alone in making this request.

- 15 -

> record following receipt of the missing item. ***See***
> Rule 1926 (correction or modification of the record).

Pa.R.A.P. 1921 Note.

Pursuant to Pa.R.A.P. 1926(b)(1), this Court may correct or modify a certified record to add anything in the original record or presented to the trial court, but which was omitted as a result of error, breakdown in processes of the court, or by accident or misstatement. As discussed at length hereinabove, however, the Stanley will meets none of these requirements. The parties never presented the Stanley will to the trial court or sought its introduction into evidence in connection with Lupold's Petition. To the contrary, nothing in the certified record suggests that the parties were even aware of its existence at the time the trial court referenced it in its order granting the Petition and opening the judgment. The absence of the Stanley will from the certified record transmitted to this panel on appeal was not the result of any error, breakdown in processes, accident, or misstatement. It was not included in the certified appellate record because the parties never made the Stanley will a part of the certified appellate record. Nothing in our Rules of Appellate Procedure permits this Court to "incorporate" a document into a certified record if the certified record discloses no proper basis for the document's incorporation.

The Majority correctly notes that the current climate to find and secure properties for gas exploration in Pennsylvania will likely result in an increase

in the number of motions requesting service by publication. Maj. Op. at 13 n.11. To this end, the Majority's recognition of the need to "properly scrutinize, document, and verify" such motions before permitting service by publication is commendable. *Id.* This worthy goal cannot be accomplished, however, by ignoring the Rules of Civil and Appellate Procedure and deciding cases without regard for our standard of review. By rule, petitioners seeking to open judgments have the burden to present evidence with respect to disputed issues of fact and the trial court must decide those disputed issues of fact based upon the evidence presented. Here, the Majority apparently embraces an alternative procedure in which the burden of coming forward with evidence is eliminated and the trial court may instead rely on unproven allegations (or worse, its own extramural investigation, which this Court then blesses by "supplementing" the certified record to incorporate its findings). Because our standard of review requires it, I dissent.

I also disagree with the learned Majority's application of this Court's prior decision in *Deer Park Lumber, Inc. v. Major*, 559 A.2d 941 (Pa. Super. 1989). In my view, *Deer Park* has no application to the present case, since there we ruled only that the trial court should have opened the judgment because the appellee had failed to comply with Rule 430(a) when moving for service by publication. *Id.* at 944-47. Rule 430(a) provides that a party seeking permission to serve original process by publication must file a motion "accompanied by an affidavit stating the nature and extent of the

- 17 -

investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Pa.R.C.P. 430(a).

In **Deer Park**, our review of the certified record on appeal disclosed that the appellee had not complied with these requirements:

> In the case at bar, appellee did not file a motion requesting that service be accomplished by publication. Rather, appellee filed an affidavit along with its complaint stating that the whereabouts of appellants were unknown. This affidavit, drafted pursuant to former Rule 1064(c), failed to provide any indication of the types of procedures used to locate C.B. or Eunice Major or any of the appellants herein. Nevertheless, the trial court, without inquiring into the investigation undertaken to establish the whereabouts of any potential defendants, ordered service by publication. This was clearly error. Service by publication is the exception, not the rule, and **can only be ordered provided the requirements of Rule 430(a) have been met. In this case, the record reveals that they have not.**

**Deer Park**, 559 A.2d at 944-45 (emphasis added; footnote omitted). Leaving no doubt about the basis for our decision in **Deer Park**, we concluded the opinion as follows:

> In light of the foregoing, what we hold today is that in order to effect service by publication pursuant to the provisions of Rule 430(b), the party must first file a motion, accompanied by an affidavit conforming to the requirements set forth in Rule 430(a). **Because the appellee and the trial court failed to follow this procedure, we conclude that a default judgment should not have been entered.** Under the present circumstances, we find that appellants were not properly served with notice of this action, therefore, the trial court had not

- 18 -

> obtained the requisite personal jurisdiction needed for entry of judgment. Accordingly, we conclude that the trial court's action in refusing to open the default judgment and allow the appellants to file an answer to the complaint constituted an abuse of discretion. Under these circumstances, we have no alternative but to reverse their order and remand for proceedings consistent with this opinion.

*Id.* at 946-47 (emphasis added; citation and footnote omitted).

In the present case, the Majority does not dispute that the Sissons complied with the requirements of Rule 430(a), as they filed with the trial court a "Motion for Order Authorizing and Directing Service by Publication Pursuant to Pa.R.C.P. 430(a)," attaching thereto an affidavit "stating the nature and extent of the investigation which has been made" to locate the heirs of Joseph M. Stanley. The Majority chooses to ignore this obvious difference from **Deer Park**, instead relying upon a discussion in that case regarding the shortcomings of the search conducted by the appellee (as established at a subsequent evidentiary hearing, rather than based upon the contents of the non-compliant affidavit). This discussion in **Deer Park** regarding the parameters of the search was mere non-decisional dicta, however, as it was only undertaken in response to a counter argument posed by the appellee in an effort to sustain the trial court's ruling. **Id.** at 945 ("It is also argued by appellee that the investigation undertaken to locate the appellants, while not actually placed in its affidavit, was nevertheless sufficient under the rules to allow for service by publication.").

The outcome of this discussion was not in any respect essential to our decision to reverse the trial court, since as the above-quoted passages from *Deer Park* make clear, we reversed because the appellee failed to comply with the requirements of Rule 430(a), and this outcome would have been the same even if the appellee in that case had conducted an adequate investigation designed to locate potential heirs.

The doctrine of stare decisis does not apply to dicta unnecessary to the outcome of the prior case. *In re L.J.*, 79 A.3d 1073, 1081 (Pa. 2013). Our decision in *Deer Park* does not require trial courts, in response to a petition to open a judgment, to review the adequacy of a plaintiff's investigation into a defendant's whereabouts before obtaining permission to serve by publication. To the contrary, *Deer Park*, properly understood, provides that the requisite personal jurisdiction needed for entry of judgment following service by publication is conferred only after strict compliance with the dictates of Rule 430(a). In the absence of any contention that the Sissons failed to comply with Rule 430(a), I would reverse the trial court's decision to open the judgment in this case.

Contrary to the Majority's representations, its affirmance of the trial court's decision is not an exercise in stare decisis mandated by *Deer Park*, but rather is an unwarranted expansion and misapplication of that case. In so doing, the Majority creates a procedure never intended or contemplated by Rule 430(a) and one that distorts the requirements for obtaining personal

jurisdiction under that rule. As described hereinabove, under Rule 430(a), a plaintiff in a real estate case must file a motion requesting service by publication and attach an affidavit stating the nature and extent of the investigation undertaken to locate potential heirs and assigns of the real estate interests in question. Pa.R.C.P. 430(a). The trial court must then determine, based upon the contents of the affidavit, whether the plaintiff has conducted a good faith search and whether service by publication is a method of service reasonably calculated to give the potential heirs and assigns notice of the pending litigation and an opportunity to be heard.[9] **_Romeo v. Looks_**, 535 A.2d 1101, 1105 (Pa. Super. 1987), *appeal denied*, 542 A.2d 1370 (Pa. 1988). Where this procedure is properly followed, **_see_** **_Deer Park_**, 559 A.2d at 944-47, and where the trial court grants the motion, service by publication **confers personal jurisdiction over the potential heirs or assigns**. Pa.R.C.P. 410;[10] Pa.R.C.P. 430(b)(2) ("When

---

[9] Two other cases cited by the Majority are also inapposite to the present circumstances. In both **_Fusco v. Hill Financial Sav. Ass'n_**, 683 A.2d 677 (Pa. Super. 1996), and **_PNC Bank, N.A. v. Unknown Heirs_**, 929 A.2d 219 (Pa. Super. 2007), the affidavits filed pursuant to Rule 430(a) identified a specific heir whose location in the Commonwealth was known to the affiant. **_Fusco_**, 683 A.2d at 680; **_PNC_**, 929 A.2d at 229. Pursuant to Rule 430(b)(2), service by publication is not permitted if the identity of an heir or assign is known. Pa.R.C.P. 430(b)(2).

[10] Rule 410 provides in relevant part:

> (a) In actions involving title to, interest in, possession of, or charges or liens upon real property, original process shall be served upon the defendant in the manner provided by Rule 400 et seq.

service is made by publication upon the heirs and assigns of a named former owner or party in interest, a court may permit publication against the heirs or assigns generally if it is set forth in the complaint or in an affidavit that they are unknown.").

According to the Majority, however, compliance with Rule 430(a) may **or may not** confer personal jurisdiction. Although not described anywhere in the Pennsylvania Rules of Civil Procedure, the Majority insists that a potential heir or assign may, at any point in the future without limitation, come forward and file a petition to open the judgment. At that time, the trial court must reconsider its prior decision authorizing service by publication based upon any new information provided in the petition to open. And if, so the argument goes, the trial court determines in hindsight that it should not have granted the motion for service by publication, then it never actually obtained personal jurisdiction over the petitioner and the judgment must be opened. In my view, our Rules of Civil Procedure establish the methods by which personal jurisdiction may be obtained (in this case, by compliance with Rule 430(a)), and include no contrary provisions for

---

\* \* \*

> (c) If service is made pursuant to an order of court under Rule 430(a), the court shall direct one or more of the following methods of service:
>
> (1) publication as provided by Rule 430(b),

Pa.R.C.P. 410(a), (c)(1).

"hindsight withdrawal" of personal jurisdiction once conferred. In addition to the absence of any authorization under our procedural rules for such an approach, from a policy perspective, it is unwise and counterproductive, as it erodes the reliability and finality of judgments entered after service by publication, as such judgments are always and forever subject to collateral attack by potential heirs or assigns.

For all of these reasons, I respectfully dissent.